UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

In re: )
)
CHARLES G. FREDENBURG and ) Case No. 14-12559-R
AMY M. FREDENBURG, ) Chapter 13
       Debtors. )

## CHAPTER 13 PLAN

**LENGTH OF PLAN:** 60 months.

**PLAN PAYMENTS:** Debtors shall pay $1548.00 per month. The Trustee shall deduct the Trustee's preset percentage fee from each payment.

**COMMENCEMENT DATE:** Plan payments shall commence on or before 30 days after the Chapter 13 Petition is filed.

---

**PRIORITY CLAIMS:** [to be paid in full without interest]

| CLAIMANT | DESCRIPTION | AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|
| David L. Ashbaugh | Debtors' attorney fees | $1,710.00 | months 1-6 @ $285.00 mo. |

---

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENTS |
|---|---|---|---|---|
| Rushmore Loan Management | (1st lien on home (Regular post-petition payments made directly by Debtors.) Arrearage | $60,000.00* | 2.125% | Months 1-60 @ 1,054.95 |
| CitiFinancial Services, Inc. | 2d lien on home | Lien will be avoided as set forth below. | | |

*this amount is an estimate

REAL ESTATE MORTGAGE CLAIM(S) SECURED BY REAL PROPERTY OTHER THAN PRINCIPAL RESIDENCE OF DEBTOR(S):  None.

LIEN AVOIDANCES(S):  The Debtors shall file separate Motion or Motions to avoid the liens or security interest of the following claimant(s) pursuant to 11 U.S.C. Section 522(f) and the claim(s) of such claimant(s) shall be relegated and treated as general unsecured claims below:

The second mortgage of CitiFinancial Services, Inc. on the Debtors' home will be avoided or modified by a complaint being filed.

SECURED CLAIMS ENTITLED TO ADEQUATE PROTECTION UNDER 11 U.S.C. § 1326(a)(1)(C):

The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan payment to the Chapter 13 Trustee in the payment amount stated below for each claimant, subject to the provisions of Local Rule 3070-2.  None

OTHER SECURED CLAIMS:  NONE

SPECIAL UNSECURED CLASSES:  NONE

PROPERTY TO BE SURRENDERED:

The following property is surrendered to the creditor secured by the property.  Upon confirmation of this Plan, the surrendered property shall be deemed abandoned from the estate and relief from stay is granted with respect to the property to allow the creditor to pursue its rights against the property.  If the creditor has timely filed a secured claim, the creditor shall have ninety (90) days from the date of confirmation of this Plan to establish any deficiency it may have and amend its proof of claim to state the deficiency.  Otherwise the creditor shall not be allowed an unsecured deficiency claim in this case.  NONE

UNSECURED CLAIMS:   All claims not specifically provided for above and those relegated to unsecured status above shall be paid as general unsecured claims, without priority, on a *pro rata* basis.

| | |
|---|---|
| Unsecured Claims: | $ 4,876.00 |
| Claims Relegated to Unsecured Status: | $ 36,000.00 |
| Total Projected Unsecured Claims: | $ 40,876.00 |
| Approximate Percentage Payback to Holders of Unsecured Claims: | 45% |

NOTE:  The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.

OTHER PROVISIONS:

1. All property of the estate under 11 U.S.C. §§ 541 and 1306 at the time of confirmation, and all property thereafter acquired and included in the estate under 11 U.S.C. § 1306, shall remain property of the estate until removed from the estate by operation of law or separate order.  All stays in effect at the time of confirmation shall remain in force and effect until terminated or modified under applicable law, or by order of the Court.

2. All claims shall be paid as set forth above unless a creditor objects prior to the confirmation hearing and files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a).  Except as provided in Fed. R. Bankr. P. 3002(c)(1), governmental units must file claims within 180 days after the order for relief.  If a priority or secured claim, including a mortgage arrearage claim, is filed for less than the amount provided for in this Plan, the Trustee is authorized to pay the lesser amount.

3. FILING OF A CLAIM IS REQUIRED FOR PAYMENT.  If a creditor does not timely file a proof of claim within the time periods stated in the preceding paragraph and no claim is filed under Fed. R. Bankr. P. 3004, that creditor shall receive NO distribution from the Trustee under this Plan.  In such case, the Trustee is authorized to disburse funds that creditor would have received to other creditors entitled to payment under this Plan.

4. A. Secured creditors, except those holding long-term debts under 11 U.S.C. § 1322(b)(5), shall retain their liens as provided in 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors holding long-term debts shall retain their liens until paid in full

under the applicable loan documents notwithstanding the entry of a discharge under 11 U.S.C. § 1328.

B. The allowed secured claim of each secured creditor shall be the value of the collateral stated in the Allowed Secured Claim column, or the amount of the filed claim, whichever is less, with the balance (if any) of the claim actually filed being allowed as an unsecured claim.

5. If a secured creditor provided for under this Plan obtains relief from the automatic stay, the Trustee is authorized to cease all disbursements to that creditor and to disburse funds that the creditor would have received to other creditors entitled to payment under this Plan, unless the Court orders otherwise.

6. Confirmation of this Plan shall serve as a determination that the Debtors have satisfactorily met the requirements of 11 U.S.C. § 521(a) and the case shall not thereafter be subject to dismissal under 11 U.S.C. § 521(i).

7. The above named Debtors are enjoined from incurring any debts without prior approval of the Court, except such debts as may be necessary for emergency medical or hospital care.

8. The Debtors are to timely file all yearly tax returns during the pendency of the case, immediately provide the Trustee with complete and accurate copies of the returns upon filing, and submit to the Trustee any and all tax refunds received, less earned income tax credit, as payments in addition to the regular payments made under the Plan.

Date: December 17, 2014

/s/ David L. Ashbaugh

David L. Ashbaugh, OBA#349
Attorney for Debtors
219 S. Lynn Riggs Blvd.
Claremore, OK 74017
918-341-4648
Email: ashbaugh311@gmail.com
Fax: 918-342-2327